**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DONNA MARIE WILSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:17-00531-N** |
| | ) | |
| **NANCY A. BERRYHILL,** *Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Donna Marie Wilson brought this action under 42 U.S.C. § 405(g)

seeking judicial review of a final decision of the Defendant Commissioner of Social

Security ("the Commissioner") denying her application for a period of disability and

disability insurance benefits ("DIB") under Title II of the Social Security Act, 42

U.S.C. § 401, *et seq.* Upon consideration of the parties' briefs (Docs. 10, 13) and those

portions of the administrative record (Doc. 9) (hereinafter cited as "(R. [page

number(s) in lower-right corner of transcript])") relevant to the issues raised, the

Court finds that the Commissioner's final decision is due to be **REVERSED** and

**REMANDED** to the Commissioner under sentence four of § 405(g) for further

administrative proceedings.[1]

---

[1]     With the consent of the parties, the Court has designated the undersigned
Magistrate Judge to conduct all proceedings and order the entry of judgment in this
civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73,
and S.D. Ala. GenLR 73. (*See* Docs. 17, 19). With the Court's consent, the parties
jointly waived the opportunity for oral argument. (*See* Docs. 16, 18).
        After primary briefing was closed, Wilson filed a separate motion to remand
this action to the Commissioner on the basis that the Administrative Law Judge who
issued the unfavorable decision on her application was not constitutionally appointed.

## I.    *Background*

On February 10, 2015, Wilson filed an application for a period of disability and DIB with the Social Security Administration ("SSA"), alleging disability beginning February 1, 2015.[2]  After her application was initially denied, Wilson requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review.  The hearing was held on October 24, 2016.  On January 13, 2017, the ALJ issued an unfavorable decision on Wilson's application, finding her not disabled under the Social Security Act and thus not entitled to benefits.  (*See* R. 21 – 31).

The Commissioner's decision on Wilson's application became final when the Appeals Council for the Office of Disability Adjudication and Review denied her request for review of the ALJ's decision on October 3, 2017.  (R. 1 – 6).  Wilson subsequently filed this action under § 405(g) for judicial review of the Commissioner's final decision.  *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such

---

(Doc. 20).  That motion has been denied by separate order (Doc. 26).

[2] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III)).  "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 42 U.S.C. § 423(a)(1)(A) (2005)).

decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]"

*Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[3] "In determining whether substantial evidence exists, [a

---

[3] Nevertheless, "[m]aking district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *id.*, and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added).
  Moreover, the Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize

court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ….' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v.*

---

and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

*Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).  *Accord Keeton v. Dep't of Health*

*& Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and

the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d

1274, 1278 (11th Cir. 2001).  *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th

Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal

principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792

F.2d 129, 131 (11th Cir. 1986).  However, we review the resulting decision only to

determine whether it is supported by substantial evidence. *Crawford v. Comm'r of*

*Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB…requires that the claimant be disabled. 42 U.S.C. §[]
> 423(a)(1)(E)…A claimant is disabled if she is unable "to engage in any
> substantial gainful activity by reason of a medically determinable
> physical or mental impairment ... which has lasted or can be expected to
> last for a continuous period of not less than 12 months." 42 U.S.C. §[]
> 423(d)(1)(A)…

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per

curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential
> evaluation process used to determine whether a claimant is disabled: (1)
> whether the claimant is currently engaged in substantial gainful
> activity; (2) whether the claimant has a severe impairment or
> combination of impairments; (3) whether the impairment meets or
> equals the severity of the specified impairments in the Listing of
> Impairments; (4) based on a residual functional capacity ("RFC")

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.  *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another

---

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323

(11th Cir. 1998).

### III. *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Wilson met the applicable insured status requirements through December 31, 2020, and that she had not engaged in substantial gainful activity since the alleged disability onset date, February 1, 2015. (R. 26). At Step Two, the ALJ determined that Wilson had the following severe impairments: degenerative disc disease, osteopenia, and obesity. (R. 26 – 27). At Step Three, the ALJ found that Wilson did not have an impairment or combination of impairments that met or equaled the severity of one of the specified impairments in the Listing of Impairments. (R. 27 – 28).

> At Step Four,
>
> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work

level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Wilson had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a)[6] except that she can never climb ladders, ropes or scaffolds[, and] can occasionally stoop, crouch, kneel, and crawl. " (R. 28 – 30). Based on this RFC and the testimony of a vocational expert, the ALJ determined that Wilson was capable of performing past relevant work as an administrative assistant. (R. 30 – 31). Thus, the ALJ did not proceed to Step Five and found that Wilson was not disabled under the Social Security Act. (R. 31).

## IV. *Analysis*

Evidence considered by the Commissioner in making a disability determination may include medical opinions. *See* 20 C.F.R. § 404.1527(a)(2). "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources:

---

[6] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. § 404.1567.

(1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)). "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. These factors apply to both examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citation omitted). While "the ALJ is not required to explicitly address each of those factors[,]" *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) (per curiam) (unpublished), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.

"Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.' " *Id.* (quoting *Lewis*, 125 F.3d at 1440). "Good cause exists 'when the: (1) treating physician's opinion was not

bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating

physician's opinion was conclusory or inconsistent with the doctor's own medical

records.' With good cause, an ALJ may disregard a treating physician's opinion, but

he 'must clearly articulate [the] reasons' for doing so." *Id.* (quoting *Phillips*, 357 F.3d

at 1240-41) (internal citation omitted). *See also, e.g., Bloodsworth*, 703 F.2d at 1240

("[T]he opinion of a treating physician may be rejected when it is so brief and

conclusory that it lacks persuasive weight or where it is unsubstantiated by any

clinical or laboratory findings…Further, the [Commissioner] may reject the opinion

of any physician when the evidence supports a contrary conclusion.").[7]

The ALJ addressed the medical opinion of Wilson's treating physician, Dr.

James Crumb, as follows:

> [T]he undersigned gives some weight to the assessment of treating
> physician, James Crumb, M.D., that the claimant is limited to sedentary
> except can only sit for a total of 4 hours. This assessment is largely
> accepted other than the sitting limitation and the restriction that she
> can sit or stand for an hour at a time.[8] The undersigned gives little
> weight to this portion of the assessment because there is no objective
> evidence [sic] support these limitations. The claimant's physical
> examinations have routinely been normal aside from limited range of

---

[7] Recently, the SSA substantially revised the regulations governing how it considers
medical opinions. However, those revisions apply only to claims filed on or after
March 27, 2017, and are therefore inapplicable to Wilson's subject application. *See*
20 C.F.R. § 404.1520c.

[8] "Although a sedentary job is defined as one that involves sitting, a certain amount
of walking and standing is often necessary in carrying out job duties. Jobs are
sedentary if walking and standing are required occasionally and other sedentary
criteria are met. 'Occasionally' means occurring from very little up to one- third of the
time, and would generally total no more than about 2 hours of an 8-hour workday.
Sitting would generally total about 6 hours of an 8-hour workday." Social Security
Ruling 96-9p, 1996 WL 374185, at *3 (S.S.A. July 2, 1996).

motion and later some numbness. (Ex. 12F/6, 11, 24-26). Dr. Crumb also opined that pain is frequently present to such an extent as to be distracting to the adequate performance of work activities and medications can cause side effects, which imposes some limitations upon the claimant but not to such a degree as to create serious problems in most instances. (Ex. 9F/1). These limitations are given little weight because they are not supported by objective evidence; Dr. Crumb observed that the claimant did not exhibit pain behavior. (Ex. 15F/17).

(R. 30).

The undersigned agrees with Wilson that the ALJ's stated reasons for rejecting the more limiting portions of Dr. Crumb's opinion are not supported by substantial evidence. In rejecting Dr. Crumb's sitting-and-standing opinion, the ALJ selectively cited to certain exam notes in administrative exhibit 12F purporting to show "routinely...normal" examinations. (R. 527, 532, 545 – 547). However, Exhibit 12F is replete with Wilson's subjective complaints of pain and other symptoms caused by standing and walking, and nothing in the notes to which the ALJ cites, or indeed in any of the 26 pages of notes found in Exhibit 12F, is inconsistent with or obviously detracts from either Wilson's subjective complaints or Dr. Crumb's opinion. On the whole, Exhibit 12F, the only specific evidence to which the ALJ cites to discredit Dr. Crumb's sitting-and-standing opinion, does not substantially justify that decision.[9]

---

[9] The Commissioner's brief makes little effort to substantively justify the ALJ's reasoning on this point, instead simply parroting the ALJ's justification and then inviting Court to speculate that Dr. Crumb's sitting-and-standing opinion was "likely influenced" by his pain opinion, which the ALJ also rejected. (*See* Doc. 13 at 8). First, the Court cannot engage in such *post hoc* rationalization to justify an ALJ's decision to reject a medical opinion. *See Wright*, 2016 WL 796098, at *6 n.7 ("The Commissioner's brief provides a more in-depth discussion of Exhibits B10F and B16F, citing numerous sections of those records purporting to support the ALJ's decision, and also cites other record evidence that is contrary to Dr. Pita's opinion. However,

In rejecting Dr. Crumb's pain opinion, the ALJ cites a single page of Dr. Crumb's treatment note from an August 11, 2016 examination (R. 601) purportedly stating that Wilson "did not exhibit pain behavior." Wilson claims that the ALJ misquotes Dr. Crumb's note and that it should read that Wilson "does not demonstrate **aberrant** pain behavior." (Doc. 10 at 12 (emphasis)). [10] While the majority of Dr. Crumb's handwritten notes on this particular page are difficult to decipher, it is reasonably apparent that Dr. Crumb stated that Wilson "does not

---

the Court cannot affirm based on such *post hoc* reasoning." (citing cases)); *Mills v. Astrue*, 226 F. App'x 926, 931–32 (11th Cir. 2007) (per curiam) (unpublished) ("While there is evidence in the record, such as Dr. Lovett's and Dr. Amiel's opinions, that supports the ALJ's final decision, the ALJ did not mention nor explain the weight given to either of these opinions. We cannot say the error was harmless without re-weighing the evidence. To do so would call for conjecture that invades the province of the ALJ. *See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir.2005) (per curiam) (remanding where the ALJ failed to consider certain factors and indicate their impact on his ultimate functional capacity conclusion); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) ('A court cannot excuse the denial of a mandatory procedural protection simply because, ... there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely.').")); *Tavarez v. Comm'r of Soc. Sec.*, 638 F. App'x 841, 849 (11th Cir. 2016) (per curiam) (unpublished) ("Overall, we conclude that the ALJ's clearly articulated grounds for his decision to discredit Tavarez's medical opinion evidence are not supported by substantial evidence. *See Winschel,* 631 F.3d at 1179. To the extent that the Commissioner identifies other record evidence that supports the ALJ's decision, we do not know whether this evidence formed the basis of the ALJ's determinations, and we will not affirm 'simply because some rationale might have supported the ALJ's conclusions.' *See id.* at 1179."). *But see McGriff v. Comm'r, Soc. Sec. Admin.,* 654 F. App'x 469, 473 (11th Cir. 2016) (per curiam) (unpublished).

Second, even assuming the Commissioner is correct that the ALJ's rejection of Dr. Crumb's pain opinion "likely influenced" his decision to also reject the sit-and-standing opinion, such influence was improper because the ALJ erred in rejecting Dr. Crumb's pain opinion, as will be explained.

[10] The Commissioner acknowledges that Wilson's "reading [of that note] is likely correct" and therefore "does not rely on this citation" in defending her decision here. (Doc. 13 at 8 n.10).

demonstrate ab---- pain behavior" (R. 601), with some modifier that does not rule out

the possibility of any pain behavior, contrary to what the ALJ determined. Moreover,

on the back page of the same exam note, Dr. Crumb indicated that Wilson had

"objective evidence for moderate to severe pain[,]" that she reported "reduced pain

and improved physical function while on narcotic medications[,]" and that it was

"[m]edically necessary to treat patient's pain with prescribed narcotic medications."

(R. 602). This, too, contradicts the ALJ's conclusion that Dr. Crumb found no pain

behavior in Wilson.

In sum, then, the relatively few pages of the record to which the ALJ

specifically cited to discredit portions of Dr. Crumb's opinion do not substantially

support that decision, and the ALJ's otherwise conclusory statements that the

rejected portions of Dr. Crumb's opinions "are not supported by objective evidence"

are insufficient, on their own, to satisfy an ALJ's burden to "clearly articulate" "good

cause" to reject a treating physician's opinion.[11] Accordingly, the undersigned cannot

---

[11] *See Perez v. Comm'r of Soc. Sec.*, 625 F. App'x 408, 417-18 (11th Cir. 2015) (per curiam) (unpublished) ("[T]he ALJ stated Dr. Hasbun's opinion about Perez's limitations contradicted Dr. Hasbun's own contemporaneous treatment notes; however, this statement was conclusory, because the ALJ did not identify any contradictions. The ALJ listed several medical findings after making this statement, but those findings all came from consulting the report of the examining physician, Dr. Meruelo. To the extent the ALJ relied upon a purported contradiction between Dr. Hasbun's treatment notes and assessment of Perez's abilities, the explanation is insufficient. *See Phillips*, 357 F.3d at 1241."); *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) ("[C]onclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion."); *Wright v. Colvin*, Civil Action No. 14-00465-N, 2016 WL 796098, at *6 (S.D. Ala. Feb. 26, 2016) ("The ALJ assigned 'no substantial weight' to the opinion because it was 'inconsistent with the

conclude that the ALJ's decision to reject Dr. Crumb's sitting-and-standing and pain

opinions is rational and supported by substantial evidence. Those opinions, if given

"substantial" or "considerable" weight, would also have significantly bolstered

Wilson's subjective testimony regarding the limitations caused by her pain and other

impairments, which the ALJ found to be not entirely supported by the record.[12]

Accordingly, the Court finds that the Commissioner's final decision denying

Wilson a period of disability and DIB is due to be **REVERSED** and **REMANDED** to

the Commissioner under sentence four of § 405(g) for further administrative

proceedings consistent with this decision.

## V.    *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the

Commissioner's final decision denying Wilson's February 10, 2015 application for a

period of disability and DIB is **REVERSED** and **REMANDED** under sentence four

of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further

---

examination notes and reports in Exhibits B10F [R. 339–392] and B16F [R. 455–473].'
Wright asserts that this statement does not meet the requirement that the ALJ 'state
**with particularity** the weight given to [Dr. Pita's] medical opinion[ ] and **the
reasons therefor**.' *Winschel*, 631 F.3d at 1179 (emphasis added). The Court agrees
that, standing alone, this summary citation to two exhibits, collectively consisting of
over seventy pages of medical records, is insufficient, as the Court is unable to
determine what inconsistencies the ALJ relied on to justify assigning less than
substantial weight to the opinion."); *Milne v. Colvin*, Civil Action No. 15-00656-N,
2016 WL 6516821, at *7 & n.9 (S.D. Ala. Nov. 2, 2016) (similar); *Peterson v. Berryhill*,
No. 3:17-CV-247-GMB, 2018 WL 2325408, at *7-8 (M.D. Ala. May 22, 2018) (similar).

[12] Wilson has also argued that the RFC fails to adequately account for certain
portions of Dr. Crumb's opinion that the ALJ did accept. However, the Court finds it
unnecessary to address these additional claims of error, in light of the reversible
errors already identified herein.

proceedings consistent with this decision. This remand under sentence four of § 405(g) makes Wilson a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

Under Federal Rule of Civil Procedure 54(d)(2)(B), should Wilson be awarded Social Security benefits on the subject application following this remand, the Court hereby grants Wilson's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until thirty days after the date of receipt of a notice of award of benefits from the SSA.[13] Consistent with 20 C.F.R. § 422.210(c), "the date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 30th day of January 2019.

> /s/ *Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[13] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").